UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Grady Ashe, Sr.,<br>                Plaintiff,<br><br>v.<br><br>Detective Garrison, Dorchester County;<br>Detective Morelly, Dorchester County; and<br>Detective Walsh, Dorchester County,<br>                Defendants.<br>_____ | C/A No. 8:07-02838-RBH-BHH<br><br>REPORT<br>AND<br>RECOMMENDATION |

      Plaintiff files this civil rights action, pursuant to 42 U.S.C. § 1983, complaining about Defendants' conduct during the process of obtaining a DNA sample from him. In the complaint filed August 17, 2007 (Docket Entry # 1), Plaintiff requested relief but did not state a claim. Rather, he asked this Court for forms to make his claims and for Statutes, Rules and quotable cases to help him prepare his claim. By order dated September 5, 2007, Plaintiff was given an opportunity to amend his complaint to state a claim. On September 13, 2007, Plaintiff filed an amended complaint (Docket Entry # 6).

      In his amended complaint, Plaintiff states that when he refused to submit to a search warrant for a DNA sample on June 11, 2007, the Defendants "verbally threatened to physically restrain [him] and withdraw blood from [him], against [his] will. [Plaintiff] felt subject to unprofessional conduct by Detectives." (Am. Compl. at 3.) On June 20, 2007, Defendants presented Plaintiff with a court order to collect a DNA sample from him. (Am. Compl. at 4.) Plaintiff states that he again refused to submit to the order because of errors within the order, and Defendant Morelly became verbally threatening. (Am. Compl. at 4-5.) After Defendant Walsh called Plaintiff's attorney, Plaintiff spoke with his attorney and

agreed to comply with the order. (Am. Compl. at 5.) Plaintiff states he is litigating "(1) the presentation of false documentation of a illegal search warrant. (2) violation of code of color." (Am. Compl. at 5.)

### *Pro Se* and *In Forma Pauperis* Review

Under established local procedure in this judicial district, a careful review has been made of this *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915. This review has been conducted in light of the following precedents: *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Estelle v. Gamble*, 429 U.S. 97 (1976); *Haines v. Kerner*, 404 U.S. 519 (1972); and *Gordon v. Leeke*, 574 F.2d 1147 (4th Cir.1978). This Court is required to liberally construe *pro se* documents, *Estelle v. Gamble*, 429 U.S. 97 (1976), holding them to a less stringent standard than those drafted by attorneys, *Hughes v. Rowe*, 449 U.S. 9 (1980).

This complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without paying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted" or is "frivolous or malicious." § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint "lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). Under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Allison v. Kyle*, 66 F.3d 71 (5th Cir. 1995).

The *pro se* complaint is subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct the plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Serv.*, 901 F.2d 387 (4th Cir. 1990).

### Discussion

In order to state a cause of action under 42 U.S.C. § 1983, a plaintiff must allege that: *(1)* the defendant(s) deprived him or her of a federal right, and *(2)* did so under color of state law. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). It is assumed that Plaintiff's statement that he is litigating a "violation of code of color" is Plaintiff's attempt to establish this Court's jurisdiction over this § 1983 case by alleging state action by the Defendants. Acting under color of state law, alone, does not state a constitutional violation. Plaintiff must also allege the violation of a federal right.

The Fourth Amendment provides that "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no warrants shall issue, but upon probable cause, supported by oath

or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." U.S. Const. amend. IV.  The involuntary taking of a DNA sample constitutes a search under the Fourth Amendment.  *See Skinner v. Railway Labor Executives' Ass'n,* 489 U.S. 602, 618 (1989) ( "the collection and subsequent analysis of the requisite biological samples must be deemed Fourth Amendment searches"). However, "the Fourth Amendment does not proscribe all searches and seizures, but only those that are unreasonable." *Id.* at 619.

Plaintiff fails to allege any facts to support that search and seizure of his DNA was unreasonable.  In fact, Plaintiff alleges just the opposite.  Plaintiff states that the Defendants had obtained a search warrant prior to the first attempt to obtain a DNA sample, and that they had a court order to obtain the DNA sample on their second successful attempt.  Plaintiff admits that he agreed to the Defendants taking his DNA sample after he spoke with his attorney by phone.

Plaintiff states that he seeks relief for "the presentation of false documentation of a illegal search warrant."  If Plaintiff is attempting to assert that the search warrant was invalid, and therefore the search unreasonable, the Fourth Circuit Court of Appeals in *Jones v. Murray*, 962 F. 2d 302 (4th Cir. 1992) has determined that obtaining a DNA sample may be reasonable even without a warrant.  In *Jones v. Murray*, 962 F.2d at 302, the Court upheld the constitutionality of a Virginia statute requiring certain prisoners to provide a DNA sample to be used for past and future identification.  The Court noted that "when a suspect is arrested upon probable cause, his identification becomes a matter of legitimate state interest and he can hardly claim privacy in it. . . . [T]he Fourth Amendment does not require an additional finding of individualized suspicion before blood can be taken from

incarcerated felons for the purpose of identifying them." Id. at 306-07. The Court upheld the DNA collection requirement as reasonable under the Fourth Amendment. *Id.* at 307. This case should be dismissed because Plaintiff has failed to state a claim under the Fourth Amendment for an unreasonable search and seizure. Also, Plaintiff's claim that Defendants acted unprofessionally does not state a constitutional violation.

## Recommendation

Accordingly, it is recommended that the District Court dismiss the complaint in the above-captioned case *without prejudice* and without issuance and service of process. *See United Mine Workers v. Gibbs*, 383 U.S. 715 (1966); *see also Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972). **Plaintiff's attention is directed to the important notice on the next page.**

s/Bruce Howe Hendricks
United States Magistrate Judge

September 19, 2007
Greenville, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail.  Fed. R. Civ. P. 6(a) & (e).  Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 10768
> Greenville, South Carolina 29603

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).