IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| GRADY ASHE, SR., | ) | Civil Action No.: 8:07-cv-2838-RBH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| DETECTIVE GARRISON, Dorchester | ) | |
| County; DETECTIVE MORELLY, | ) | |
| Dorchester County; DETECTIVE | ) | |
| WALSH, Dorchester County; | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

Plaintiff, proceeding *pro se*, brought this action under 42 U.S.C. § 1983 concerning

Defendants' attempt to obtain a DNA sample from him.  Plaintiff alleges that the Defendants

attempted to force him to comply with a search warrant to collect a DNA sample in violation

of the Fourth Amendment to the United States Constitution.  Plaintiff is currently incarcerated

at the Leiber Correctional Institution in Ridgeville, South Carolina

This matter comes before the court with the Report and Recommendation [Docket Entry

#10] of Magistrate Judge Bruce Howe Hendricks filed on September 19, 2007.[1]  The

Magistrate Judge recommended summary dismissal of Plaintiff's complaint for failure to state a

claim upon which relief may be granted.  Plaintiff timely filed objections to the Magistrate

Judge's Report and Recommendation on October 3, 2007.

### Standard of Review

The Magistrate Judge makes only a recommendation to this court.  The recommendation

---

[1]    This matter was referred to Magistrate Judge Hendricks pursuant to 28 U.S.C. § 636(b)(1)(A) and
(B), and Local Civil Rules 73.02(B)(2)(d) and (e).

has no presumptive weight.  The responsibility to make a final determination remains with this court.  *Mathews v. Weber*, 423 U.S. 261, 270 (1976).  The court is charged with making a *de novo* determination of those portions of the report and recommendation to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to him with instructions.  28 U.S.C. § 636(b)(1).

The district court is obligated to conduct a *de novo* review of every portion of the Magistrate Judge's report to which objections have been filed.  *Id*.  However, the district court need not conduct a *de novo* review when a party makes only general and conclusory objections that do not direct the court to a specific error in the Magistrate Judge's proposed findings and recommendations.  *Orpiano v. Johnson*, 687 F.2d 44, 47-48 (4th Cir. 1982).

### Discussion

For free persons, the bodily intrusion resulting from taking a blood sample constitutes a search within the scope of the Fourth Amendment. *See Skinner v. Railway Labor Executives' Ass'n*, 489 U.S. 602, 616 (1989); *Jones v. Murray*, 962 F.2d 302, 306 (4th Cir. 1992).  The Fourth Amendment proscribes only those searches and seizures that are unreasonable. *Skinner*, 489 U.S. at 619.  Whether a search is reasonable depends on all of the circumstances surrounding the search or seizure and the nature of the search or seizure. *United States v. Montoya de Hernandez*, 473 U.S. 531, 537 (1985).

"Except in certain well-defined circumstances, a search or seizure is not reasonable unless it is accomplished pursuant to a judicial warrant issued upon probable cause." *Skinner*, 489 U.S. at 619.  Exceptions to the warrant requirement have been created "when 'special

2

needs, beyond the normal need for law enforcement, make the warrant and probable-cause requirement impracticable.'" *Id*. (citing *Griffin v. Wisconsin*, 483 U.S. 868, 873 (1987)). When such special needs exist, courts have balanced the governmental and privacy interests to assess the practicality of the warrant and the probable cause requirements in the particular context. *Id*. If the probable cause and warrant requirements are impractical under the circumstances, courts generally require some showing of individualized suspicion before concluding that a search is reasonable. *Id*. at 624; *see, e.g. Terry v. Ohio*, 392 U.S. 1, 20-21 (1968). The United States Supreme Court has stated, however, "that a showing of individualized suspicion is not a constitutional floor, below which a search must be presumed unreasonable." *Skinner*, 489 U.S. at 624. "In limited circumstances, where the privacy interests implicated by the search are minimal, and where an important governmental interest furthered by the intrusion would be placed in jeopardy by a requirement of individualized suspicion, a search may be reasonable despite the absence of such suspicion." *Id*.

Individuals who have been lawfully arrested on probable cause and detained lose a right of privacy from routine searches of the cavities of their bodies and their jail cells. *Jones*, 962 F.2d at 306. The Fourth Amendment does not require an additional finding of individualized suspicion before blood can be taken from incarcerated felons for the purpose of identifying them. *Id*. at 306-07. Nevertheless, in the absence of a requirement for individualized suspicion, the court still must determine the reasonableness of any search under the Fourth Amendment. *Id*. at 307. An intrusive search can be reasonable under the Fourth Amendment where the slight intrusion is outweighed by the governmental interest advanced by the intrusion. *Id*.

3

In *Jones v. Murray*, the Fourth Circuit Court of Appeals upheld Virginia's DNA collection requirement under the Fourth Amendment finding that the state's interest in preserving a permanent identification record of convicted felons for resolving past and future crimes outweighed the minor intrusion caused by the taking of a blood sample. *Id.*

Plaintiff's complaint is based on the allegation that the Defendants presented "false documentation of a search warrant" to collect a DNA sample from him. [Amended Complaint, Docket Entry #6].   In light of the foregoing authority, however, Plaintiff cannot state a Fourth Amendment claim based on the collection of a DNA sample under the circumstances of this case.   At the time of the DNA collection, Plaintiff was a convicted felon serving a sentence for burglary.   It is well established that there is no warrant requirement, probable cause requirement, or individualized suspicion requirement for law enforcement to obtain a DNA sample from an incarcerated convicted felon. *See Jones*, 962 F.2d at 306-07; *Word v. U.S. Probation Dept.*, 439 F. Supp. 2d 497, 508 (D.S.C. 2006); *United States v. Stegman*, 295 F. Supp. 2d 542, 550 (D.Md. 2003).   Accordingly, the court finds that Plaintiff has failed to allege a Fourth Amendment violation.

Having reviewed the record and applicable law, the court agrees with the recommendations of the Magistrate Judge and finds that the Magistrate Judge correctly applied the law to the facts of this case.   The court has reviewed the Plaintiff's objections and finds that they are without merit.

### Conclusion

For the reasons stated above and by the Magistrate Judge, the court overrules Plaintiff's objections and adopts and incorporates by reference the Report and Recommendation [Docket

Entry #10] of the Magistrate Judge.  Accordingly, Plaintiff's complaint is hereby **DISMISSED**

**without prejudice** and without issuance and service of process.

IT IS SO ORDERED.

April 30, 2008                                          s/ R. Bryan Harwell
Florence, South Carolina                               R. Bryan Harwell
                                                       United States District Judge